## Brooks Estate

*Desmond McTighe*, for petitioner.

*M. Paul Smith*, for respondent.

KNIGHT, P. J., (specially presiding), March 4, 1955. —John W. H. Brooks died November 26, 1941, leaving a will wherein he appointed his wife, Edith S. Brooks, and Samuel W. Woolford, Jr., executors and trustees.

Edith S. Brooks and Samuel W. Woolford, Jr., filed their account as executors in 1943, which was audited and the residue of the principal was awarded to them as trustees. Edith S. Brooks died February 3, 1945, and thereafter Samuel W. Woolford, Jr., acting as surviving trustee filed his first and final account, which was audited by this court on December 6, 1954.

Without reciting all of the provisions of the will, suffice it to say that under the terms of the trust, Frances B. Torkington, daughter of testator, received the entire income from the trust estate during her life, and at her death the principal goes "to her child or children in equal shares absolutely". As above stated Edith S. Brooks died February 3, 1945, leaving a will wherein she devised her residuary estate to her daughter, Frances B. Torkington, and Samuel W. Woolford,

Jr., in trust to pay the net income to Frances B. Torkington for life, and at her death to pay the principal "to her child or children in equal shares absolutely."

Samuel W. Woolford, Jr., has resigned as trustee in the above-captioned estate. Mr. Woolford has also resigned as a trustee of the estate of Edith S. Brooks and the Tradesmens Land Title Bank and Trust Company was appointed substituted trustee in his place.

Frances B. Torkington presented a petition to this court setting forth the above facts and praying that the principal of the trust fund in the above-captioned estate be awarded to herself and the Tradesmens Land Title Bank and Trust Company, trustees under the will of Edith S. Brooks, because the two trusts can be more efficiently administered as a single fund and certain savings effected. The auditing judge refused the application and Frances B. Torkington filed these exceptions.

Section 992 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.992, authorizes the combination of separate trusts created under one instrument, and section 9 of the Estates Act of 1947 grants broad powers for the combination of charitable trusts, even when created by separate instruments.

There is no express statutory authority to combine noncharitable trusts created by separate instruments. In Estate of Claire B. Hagedorn, orphans' court, no. 55,237, this court refused to combine noncharitable trusts created by separate instruments. The able and experienced counsel for the exceptants concedes that the Hagedorn decision is correct but points out that in the Hagedorn estate the ultimate beneficiaries of the trusts were different, while in the trusts here considered all of the beneficiaries both present and ultimate, are the same. It is also pointed out that in the wills creating the trusts the trustees are not limited to investing in legal securities.

In support of his contention, counsel for exceptants cites the cases of Rollins Trust, 1 Fid. Rep. 156, and Tyler Trust, 1 Fid. Rep. 159. In these cases the trusts arose under a power of appointment contained in the will of original testator and Judge Klein of the Orphans' Court of Philadelphia County combined the trusts under the express authority of section 992 of the Fiduciaries Act of 1949 and he so states in his opinion. Judge Klein evidently took the view that the trusts were created by the same instrument, namely, the will of the original testator, and therefore came within the swathe of section 992, supra.

Counsel also cites Richmond Estate, 1 Fid. Rep. 432. In this case the trust also arose under a power of appointment and while section 992, supra, is not mentioned, it is apparent from reading the adjudication that the trusts therein involved were combined under the express authority of that section.

The Orphans' Court Act of August 10, 1951, P. L. 1163, in section 301, defines the exclusive jurisdiction of the court and under paragraph 2 confers exclusive jurisdiction of testamentary trusts. Section 304 gives to the court power to do those things necessary and incident to perform its functions. The legislature deemed it necessary to give express authority to combine charitable trusts (section 9 of the Estates Act of 1947), and also to give express authority to combine separate trusts created under one instrument; section 992 of the Fiduciaries Act of 1949. We do not think that the legislature intended to depart in the Act of 1951 from the policy adopted in the Acts of 1947 and 1949, supra, and give the court discretionary power to combine any trusts which in the opinion of the court it would be practical to combine.

It may well be that as a matter of expediency these trusts should be combined, and it is hard to conceive a case more suitable for combination, but we are still

of the opinion that this court does not have authority to combine these trusts and that the auditing judge was right in so holding.

And now, March 4, 1955, the exceptions are dismissed and the adjudication of the auditing judge confirmed absolutely.